MUSSETTER, Respondent, v. CAMPBELL-LOWRIE-LAUTERMILCH CORPORATION, Appellant.

(271 N. W. 98.)

(File No. 7866.   Opinion filed February 1, 1937.)

*Van Slyke & Agor*, of Aberdeen, for Appellant.
*M. C. Lasell*, of Aberdeen, for Respondent.

PER CURIAM.   This is an action commenced by L. Mussetter against Campbell-Lowrie-Lautermilch Corporation to recover the difference between wages paid and the higher rate of wages for skilled labor claimed to be due by virtue of a contract between the defendant corporation and the city of Aberdeen for the construction of two diversion dams.   The answer denies liability upon the ground that the contract between the defendant corporation and the city of Aberdeen provided that the contractor was required to pay wages of 50 cents per hour for unskilled labor and $1.20 for skilled labor and such wages for intermediate classes of labor as may be fixed "for this locality"; that prior to the time that the said contract was entered into a schedule of wages for intermediate classes of labor approved by the Federal Administrator of Public Works Administration was adopted for the state of South

Dakota; and that the plaintiff and the other workmen, his assignors, have been paid in full in conformity with such schedule of wages.

The contract was executed on January 15, 1934, and contained a provision that the contractor and all subcontractors would pay not less than the minimum hourly wage rates prescribed by the Administration of Public Works. The advertisement for bids stated that "the contractor will be required to pay minimum wage of 50¢ per hour for unskilled labor, $1.20 for skilled labor and such wages for intermediate classes of labor as may be fixed for this locality." In its proposal the defendant corporation agreed that "if awarded the contract for the above work we will pay minimum wages in accordance with the schedule attached hereto." The advertisement for bids, specifications, instructions to bidders, and proposed contract were attached to and formed a part of the bidder's proposal. The contract contained the usual provision that the contractor's bid was incorporated therein and declared to be a part of the contract.

A schedule of wages to be paid on all construction financed in whole or in part by funds disbursed under the direction of the Federal Public Works Administration adopted for the state of South Dakota was received in evidence. The minimum rate per hour under this schedule for unskilled labor was 50¢ per hour. The minimum rate for skilled labor was $1.20 and for intermediate grades between unskilled and skilled labor minimum rates were provided. Under group 5 specifying a minimum rate of 80 cents per hour was included "carpentry, rough; form setter." "Carpentry rough" under the schedule included "all carpenter work and flooring except finishing work" and "form setter" included "all wood form construction for concrete forms." The work for the most part consisted of building and setting forms for concrete. The workmen were paid 80 cents per hour for this work and $1.20 per hour for the construction of valve covers.

At the close of all the testimony the court overruled a motion of the defendant for a directed verdict and sustained a motion of plaintiff and directed the jury to bring in a verdict for the plaintiff for the amount of the deficiency between the intermediate rate and the rate for skilled labor. The court denied motion for new trial, and the defendant has appealed. The trial court was of the

view that the workmen were employed as carpenters and were entitled to payment upon the basis of skilled labor; that it was immaterial whether the contractor directed these workmen to perform some other work which did not require services of a skilled workman.

This case is not one where the persons were employed to work at a particular trade at a compensation agreed upon between the workmen and the employer. Plaintiff concedes that there was no special agreement as to wages and claims right of recovery under the terms of the contract. The skill of the workmen under the schedule of wages involved in this action did not determine the amount of wages; it does not provide that when a workman is employed in a particular capacity he shall be paid in that capacity, but fixes the rate of wages for the kind of work performed. The schedule fixes the minimum rates of wages and the fact that a workman is skilled is of no importance if he performs work which is not included within the classification of skilled labor. The judgment and order appealed from are reversed, and the cause remanded with directions to enter judgment in favor of appellant pursuant to the motion for directed verdict.

RUDOLPH, P. J., and POLLEY, ROBERTS, and WARREN, JJ., concur.

SMITH, J., not sitting.